IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:14-CR-055 |
| v. | ) | |
| | ) | |
| MARIA ROSALBA | ) | By: Michael F. Urbanski |
| ALVARADO MCTAGUE, et al., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendants Maria Rosalba Alvarado McTague and

Felix Chujoy's Motion to Dismiss Counts 1–11, 13–23, and 25–28 of the Superseding

Indictment. ECF No. 433. The government has responded to the motion, ECF No. 443,

and the matter was argued on April 6, 2017. See ECF No. 445. For the reasons that follow,

the court will **GRANT in part** and **DENY in part** defendants' motion to dismiss. Counts

Seven, Fourteen, Twenty, and Twenty-one are hereby **DISMISSED in full without**

**prejudice**. Counts Six, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-two, and

Twenty-three are **DISMISSED in part without prejudice**, as follows:

- **Count Six** is dismissed to the extent that it alleges an attempt to violate 18 U.S.C. § 1592 and a violation of 18 U.S.C. § 1592(a)(3).

- **Counts Fifteen through Nineteen** are dismissed to the extent that these counts allege recruiting without the statutorily required fee element.

- **Counts Twenty-two and Twenty-three** are dismissed to the extent that these counts allege intimidation of the due administration of justice which is not criminalized in 18 U.S.C. § 1503(a).

## I.

Federal Rule of Criminal Procedure 7(c)(1) lays out the general requirements for a criminal indictment:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

"The requirements for an indictment are not onerous," United States v. Palin, No. 1:14cr023, 2015 WL 6134125, at *5 (W.D. Va. Oct. 16, 2015), and courts should review indictments "on a practical basis and in their entirety, rather than 'in a hypertechnical manner,'" United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000) (quoting United States v. McNeese, 901 F.2d 585, 602 (7th Cir. 1990)); see United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir. 1994) ("[T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations." (brackets in original) (quoting United States v. Missler, 414 F.2d 1293, 1297 (4th Cir. 1969))). Consistent with the goal of the Federal Rules "to eliminate technicalities in criminal pleadings," and "secure simplicity in procedure," United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007), the government

need not detail its "theory of the case and the supporting evidentiary facts," United States v. Loayza, 107 F.3d 257, 261 (4th Cir. 1997) (quoting United States v. Arlen, 947 F.2d 139, 145 n.7 (5th Cir. 1991)).

Nonetheless, judicial review of indictments is not entirely toothless. The Fifth Amendment to the United States Constitution makes an indictment a prerequisite to prosecution for "a capital, or otherwise infamous crime," U.S. Const. amend. V, while the Sixth Amendment requires that a defendant "be informed of the nature and cause of the accusation" against him. U.S. Const. amend VI. "The criteria against which the sufficiency of an indictment is judged reflect these guarantees." United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992).

Accordingly, the Supreme Court has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 118 (1974). Thus, "[w]hile it is generally sufficient that the indictment describes the offense by using the unambiguous language of the statute, that general description 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" United States v. Quinn, 359 F.3d 666, 672–73 (4th Cir. 2004) (quoting Hamling, 418 U.S. at 117–18).

Where a count in an indictment is insufficient, the court may dismiss that count without prejudice. However, dismissal of the entire count is not always necessary: the court may partially dismiss a count and strike the portions of that count that rendered it defective.

There is a "general rule forbidding amendment of an indictment by the court or prosecutor," United States v. Coward, 669 F.2d 180, 183–84 (4th Cir. 1981) (citing Ex parte Bain, 121 U.S. 1, 7 (1887)), which vindicates the right to indictment by a grand jury protected by the Fifth Amendment. See United States v. Miller, 471 U.S. 130, 135–36 (1985). But, the Supreme Court "has long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways," and "[a]s long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." Id. at 136; see Turner v. United States, 396 U.S. 398, 420 (1920) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged").

Accordingly, "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" Miller, 471 U.S. at 136 (quoting Ford v. United States, 273 U.S. 593, 602 (1927). In recognition of this fact, there is a "generally acknowledged exception [to the rule forbidding court amendment of indictments,] which permits the court to strike surplusage from the indictment." Coward, 669 F.2d at 183–84; see United States v. Brooks, 438 F.3d 1231, 1237 (10th Cir. 2006) (The court "may strike from an indictment allegations which are

both independent of and unnecessary to the offense on which a conviction ultimately rests."); accord United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006).

In sum, Court precedent

> forbids two general kinds of amendments to indictments. First . . . any amendment that transforms an indictment from one that does not state an offense into one that does. . . . The second improper alteration is seen in any change that tends to increase the defendant's burden at trial.

Coward, 669 F.2d at 184 (quoting United States v. Milestone, 626 F.2d 264, 269 (3d Cir. 1980). Within these confines, the court may dismiss portions of an indictment without offending a defendant's Fifth Amendment right to indictment by grand jury. See Salinger v. United States, 272 U.S. 542, 548–49 (1926) (Where an indictment charges multiple offenses, or the commission of one offense in several ways, striking one offense, or one alleged method of committing it, does not constitute a forbidden amendment of the indictment.).

## II.

Defendants challenge the superseding indictment on two primary grounds: failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), and lack of specificity under Rule 12(b)(3)(B)(iii). See ECF No. 433. They raise challenges to all counts except Counts Twelve and Twenty-four.[1] The court will now describe and rule on defendants' arguments as to each count.

---

[1] Count Twenty-four only charges former codefendant Gladys Chujoy, who was severed from this case, tried, and acquitted in February 2017. See ECF No. 399. As to Count Twelve, defendants admit that it "properly alleges the elements of an offense and . . . a sufficient factual basis on which this count can proceed." ECF No. 433, at 20 n.3.

## A. Count One

Count One of the Superseding Indictment charges the defendants with a labor trafficking conspiracy. Defendants allege that this count is defective because, though it properly alleges the elements of a conspiracy, it "does not identify which code section (1581, 1583, 1589, 1590, or 1592) that the defendants are accused of conspiring to violate." ECF No. 433, at 8. In support, defendants cite United States v. Kingrea, which held that, "Although an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense, this admonition applies to the statements of fact that 'flesh out' the indictment—not the basic elements of the offense itself." 573 F.3d 186, 192 (4th Cir. 2009) (quoting United States v. Hooker, 841 F.2d 1225, 1229 (4th Cir. 1988)).

Though Count One fails to identify the code section of the underlying offense, as defendants acknowledge, "[t]he language of [Count One], 'by means of a scheme, plan, or intended, etc.,' tracks part of 18 U.S.C. § 1589[(a)](4)." ECF No. 433, at 8–9. In actuality, the language of the Superseding Indictment provides all the elements of 18 U.S.C. § 1589(a) (the substantive offense), in addition to the elements of conspiracy.

18 U.S.C. § 1589 provides:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
> . . .
> (3) by means of the abuse or threatened abuse of law or legal process; or
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint . . . .

6

Count One of the Superseding Indictment alleges that the defendants

> conspired with each other and with others known and unknown
> to the grand jury to knowingly provide and obtain the labor and
> services of individuals known to the grand jury by means of a
> scheme, plan, or pattern intended to cause the victims believe
> [sic] that the victims would suffer serious harm and through
> threatened abuse of law and legal process.

ECF No. 52, at 7.

The defendants' point, bolstered by the Fourth Circuit's decision in Kingrea, is well-taken: the indictment must allege both the elements of conspiracy and the underlying offense that was the object of the alleged conspiracy. Here, however, Count One does so, tracking the language of Section 1589, and alleging two of the alternative means contained in Sections 1589(a)(3) and (4). Cf. United States v. Wortman, 26 F.R.D. 183, 191 (E.D. Ill. 1960) ("According to the authorities, when a statute denounces several things joined disjunctively with 'or,' as a crime, the pleader, in drawing an indictment, should connect them by the conjunctive 'and,' and under such an indictment guilt may be established by proof of any one of the things conjunctively charged."). Instead, Count One's only failing is that it does not identify the underlying statute by code section and number. But the Fourth Circuit has repeatedly held that such a failure will not doom an indictment. See United States v. Hooker, 841 F.2d 1225, 1228 (4th Cir. 1988). "[A] sufficient indictment must contain the elements of the offense," id. at 1230, and, if these elements are present, the failure to cite the statute is not controlling. This accords with the longstanding directive that indictments should be judged on practical, rather than technical criteria. See Matzkin, 14 F.3d at 1019. Defendants' arguments simply do not warrant dismissal of Count One.

### B. Counts Two and Three

Counts Two and Three of the Superseding Indictment, which are identical except for the alleged victims, charge the defendants with labor trafficking in violation of 18 U.S.C. § 1589(a). Defendants argue that these counts must be dismissed because they "do[] not identify which of the four subsections of § 1589(a) the defendants supposedly violated." ECF No. 433, at 11.

Counts Two and Three allege that the defendants

> did knowingly provide and obtain the labor and services of an individual, known to the grand jury as Victim [A or B, respectively], by means of a scheme, plan, or pattern intended to cause the victim believe [sic] that the victim would suffer serious harm or through threatened abuse of law and legal process.

ECF No. 52, at 7–8. Defendants complain that these counts are defective because they contain language from both § 1589(a)(3) and (4), and because "the indictment omits part of the scienter requirement in subsection (4)." ECF No. 433, at 11. This first argument can be rejected out of hand; an indictment may permissibly allege alternative means of committing an offense. Fed. R. Crim. P. 7(c) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."); see United States v. Markee, 425 F.2d 1043, 1048 (9th Cir. 1970).

Defendants' second argument, however, merits greater explication. Subsection (a)(4) of Section 1589 reads, "by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." (emphasis added). Defendants argue that the emphasized text imposes a second scienter requirement: not only

8

must defendant act knowingly in utilizing these means, but the alleged victim must believe that the threat of serious harm is conditioned on failure to perform labor or services. See United States v. Calimlim, 538 F.3d 706, 711 (7th Cir. 2008). Thus, the failure to include this second scienter requirement, defendants allege, is fatal to these counts.

Two considerations merit rejection of this argument. First, as the government points out, see ECF No. 443, at 9, "serious harm" is a term of art, and already incorporates the meaning conveyed by the omitted language. 18 U.S.C. § 1589(c)(2) defines serious harm as

> any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

(emphasis added). Thus, the Superseding Indictment need not expressly include the provision that the threat of serious harm was conditioned on victims' failure to perform labor; that meaning was already incorporated into the words of the statute. See United States v. Wicks, 187 F.3d 426, 428 (4th Cir. 1999) (holding that where a term of art is used in an indictment, the "component parts" of that term need not be alleged separately (citing Hamling, 418 U.S. at 118–19)).

Second, and more fundamentally, the omitted meaning of which the defendants complain may be reliably supplied by common sense. If a defendant is accused of obtaining forced labor by causing a person to believe that person will suffer serious harm (as these defendants are in Counts Two and Three), then by definition the threat of harm would be alleviated if the person agrees to perform the labor. The alternative is absurd: a would-be victim cannot be coerced into involuntary labor by a threat of harm that will come to pass

9

*whether or not* the labor is performed. Such a threat might be criminal assault, but it would bear no relationship to the performance of involuntary labor and would not represent a means by which a defendant could compel a victim's acquiescence. Thus, it would fall outside the ambit of § 1589(a)'s list of potential means by which a defendant wrongfully compels a victim's labor.

### C. Counts Four and Five

Defendants challenge the sufficiency of Counts Four and Five in the Superseding Indictment, which allege violations of human trafficking for financial gain under 18 U.S.C. § 1589(b). They claim that Counts Four and Five do not include an essential element of § 1589(b) and are therefore fatally defective. Count Four, in its entirety, charges:

1. The allegations set forth in the Introduction to this Indictment are incorporated herein by reference.

2. From a date not known to the grand jury, but beginning in or around 2007 and continuing until December 2014, in the Western District of Virginia and elsewhere, the defendants, MARIA ROSALBA ALVARADO MCTAGUE and FELIX ADRIANO CHUJOY, did knowingly financially benefit from participation in a venture which has engaged in the providing and obtaining of labor and services by an individual, known to the grand jury as Victim A, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

3. All in violation of Title 18, United States Code, Sections 1589(b), 1594.

ECF No. 52, at 8. Count Five is identical except that it references Victim B and not Victim A. Id. at 8–9. Under § 1589(b), individuals who

> [K]nowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means

> described in subsection (a), knowing or in reckless disregard of
> the fact that the venture has engaged in the providing or
> obtaining of labor or services by any of such means, shall be
> punished as provided in subsection (d).

Counts Four and Five closely track the statutory language but omit the phrase "by any means described in subsection (a)." Alvarado argues that the phrase "by any means described in subsection (a)" is an element of a § 1589(b) offense, and that the omission of this element from Counts Four and Five requires that the counts be dismissed. As noted, § 1589(a) defines the means by which individuals force others into labor (e.g., by "the abuse or threatened abuse of law or legal process," § 1589(a)(3)).

The government disagrees, arguing that "any means described in subsection (a)" is not an element of the offense; rather, that language defines the means by which a violation of § 1589(b) may occur. Under Rule 7(c)(1), a "count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Moreover, the government argues, the introduction of the Superseding Indictment, which is incorporated into Counts Four and Five, describe the means by which the defendants allegedly violated § 1589(b).

"[T]he indictment must include every essential element of an offense, or else the indictment is invalid; and mere reference to the applicable statute does not cure the defect." United States v. Darby, 37 F.3d 1059, 1063 (4th Cir. 1994). As the Supreme Court has noted, an indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Hamling, 418 U.S. at 117 (citations and quotations omitted). Nevertheless, the "mere failure to track the precise language of a statute does not without more, constitute error." United States v.

11

Williams, 152 F.3d 294, 299 (4th Cir. 1998). Indeed, "[t]he charge must either include [the statutory] terms, or words of similar import." Finn v. United States, 256 F.2d 304, 306 (4th Cir. 1958) (emphasis added).

The purpose of requiring the government to include all essential elements in the indictment is threefold: (1) "to apprise the accused of the charge or charges leveled against him so he can prepare his defense," United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990), (2) to "enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense," United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); and (3) to "ensure that the grand jury has considered and found all essential elements of the offense charged," as required by the Fifth Amendment, United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir. 1988).

An essential element is "one whose specification … is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." United States v. Hooker, 841 F.2d 1225, 1231 (4th Cir. 1988) (citations omitted) (ellipses original). The court agrees with defendants in concluding that the phrase "by any means described in subsection (a)," which encompasses the definition of forced labor, is an essential element of § 1589(b). A contrary reading would allow the government to prove that a defendant financially benefited from forced labor without proving that the defendant forced someone into labor. Cf. Shuvalova v. Cunningham, No. C 10-02159 RS, 2010 WL 5387770, at *3 (N.D. Cal. Dec. 22, 2010) ("Section 1589(b) provides liability for one who knowingly obtains financial benefit from the provision of such [forced] labor."). In other words, an allegation of forced labor, as "described in subsection (a)" of § 1589, is "necessary to establish the very illegality of the

behavior" charged in Counts Four and Five. <u>Hooker</u>, 841 F.2d at 1231. Accordingly, those counts must indicate that the defendants financially benefited from forcing others into labor "by any means described in subsection (a)."

The specific language in Counts Four and Five does not state the essential element of § 1589(b) that defendants forced others into labor. However, Counts Four and Five incorporate by reference "allegations set forth in the Introduction to this Indictment," which sufficiently state the essential element "by any means described in subsection (a)." <u>See</u> <u>United States v. Hooker</u>, 841 F.2d 1225, 1231 (4th Cir. 1988) (court may look to portions of the indictment incorporated by reference in identifying essential elements). Specifically, Paragraph 14 of the introduction states: "ALVARADO and F. CHUJOY forced the victims from Peru to continue working at Inca's Secret through fear and various threats, such as promising to contact the police and have the victims arrested." ECF No. 52, at 4. One means described in subsection (a) of § 1589 is "the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a)(3). Threatening to contact the police and have the victims arrested are "words of similar import" as threatening abuse of law or legal process, § 1589(a)(3). <u>Finn</u>, 256 F.2d at 306. Similarly, Paragraph 14 of the introduction also states that "F. CHUJOY stated to at least one victim that ALVARADO owned a gun and should not be crossed, and that he was a military soldier, implying that he could physically harm the victim." This language in the introduction is similar to the statutory language "force, threats of force, physical restraint, or threats of physical restraint to that person or another person," which comprises an essential element of the charged offenses. 18 U.S.C. § 1589(a)(1).

In short, the introduction, which is incorporated by reference into Counts Four and Five, sets forth the essential element "by any means described in subsection (a)" of § 1589(b), and therefore, the requirement that Counts Four and Five include all essential elements of the charged offenses is satisfied. Moreover, Counts Four and Five apprise defendants of the charges leveled against them, allow them to assert a double jeopardy defense in any future prosecutions, and ensure that the grand jury indicted a federal crime. See Fogel, 901 F.2d at 25; Williams, 152 F.3d at 299; Pupo, 841 F.2d at 1239. As such, the court will not dismiss Counts Four and Five of the Superseding Indictment.

### D. Count Six

Count Six of the Superseding Indictment charges a violation of 18 U.S.C. § 1592. Defendants claim that this count is defective because it alleges that defendants "attempted to" violate this section, and the statute does not make an attempt to violate this statute a crime. While defendants are correct that it is not a crime to attempt to violate § 1592, that does not require dismissal of Count Six in its entirety as it also charges that defendants aided and abetted and engaged in the illegal use of documents to further trafficking. Rather, it simply requires dismissal of the "attempted to" language of Count Six. A further issue with Count Six is the fact that it alleges a violation of § 1592(a)(3) concerning the improper use of immigration documents "to prevent or restrict, without lawful authority, the victim's liberty to move and travel, in order to maintain the labor and services of the victim." The problem with this allegation is that it leaves out the statutory requirement that, for a violation of § 1592(a)(3) to occur, the involved person must have "been a victim of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of

14

2000," which is not alleged in the Superseding Indictment. As such, while the government may proceed on Count Six as to violations of § 1592(a)(1) and (2), it may not proceed under §1592(a)(3).

Even after excising these faulty allegations, Count Six still properly alleges a violation of § 1592. Accordingly, the court dismisses Count 6 in part to the extent that it alleges an attempt to violate § 1592 and a violation of § 1592(a)(3). See United States v. Smith, 918 F.2d 1032, 1036 (2d Cir. 1990) ("It is well settled that a defendant has a fifth amendment right to be tried only on charges presented in an indictment returned by a grand jury. . . . However, narrowing the scope of an indictment, whether through proof of a lesser offense offered at trial, or by redaction, does not offend the notice and review functions served by a grand jury's issuance of an indictment." (citations omitted)); United States v. Holt, 529 F.2d 981, 983 (4th Cir. 1975).

### E. Count Seven

Count Seven of the Superseding Indictment charges conspiracy to violate immigration statutes. 8 U.S.C. §1324(a)(1)(A)(v)(I) makes it unlawful to engage in a conspiracy to commit any of the acts alleged in §1324(a)(1)(A)(i) through (iv). Count Seven alleges that defendants conspired and aided and abetted others "to knowingly bring, transport, harbor or induce individuals to work in the United States knowing that the individuals were aliens."

Each of those four verbs contained in the indictment references one of the subsections of § 1324(a)(1)(A). "Bring" is referenced in § 1324(a)(1)(A)(i); "transport" is referenced in § 1324(a)(1)(A)(ii); "harbor" is referenced in § 1324(a)(1)(A)(iii); and "induce"

15

is referenced in § 1324(a)(1)(A)(iv). But it is not enough to allege that a person transported, harbored or induced an alien to enter or work in the United States. Subsections §1324(a)(1)(A)(ii),(iii), and (iv) require that such acts be undertaken "in violation of law," which element is nowhere to be found in the indictment. While subsection § 1324(a)(1)(A)(i), concerning bringing an alien to the United States, does not contain the "in violation of law" element, it does contain the wholly separate element that the alien be brought "at a place other than a designated port or entry or place other than as designated by the Commissioner." This element too is not found in Count Seven. The allegations set forth in the introduction to the Superseding Indictment do not fill in the elemental gap. The only allegation directed to bringing an alien into the United States is found in paragraph five. There it is alleged that defendant Alvarado arranged for a "'coyote' to lead Victim A cross [sic] the river into Texas." ECF No. 52, at 2. It is not enough to allege the crossing of a river into Texas to state a crime under subsection § 1324(a)(1)(A)(i) as there are several designated ports of entry crossing the Rio Grande River into Texas, including those at the Lincoln/Juarez Bridge in Laredo, the International Bridge at Del Rio and the Bridge of the Americas in El Paso.

Because the Superseding Indictment does not allege that defendants brought an alien into the United States in violation of law or at a place other than a designated port of entry, it lacks essential elements contained in § 1324(a)(1)(A)(i)–(iv). As such, it must be dismissed.

## F. Counts Eight, Nine, Ten, and Eleven

Counts Eight through Eleven are identical except for the names of the alleged

victims, and each count alleges that the defendants harbored an alien in violation of 8 U.S.C.

§ 1324(a)(1)(A)(iii). This code section imposes criminal liability on any person who

> knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation;

Defendants do not contest the legal sufficiency of this count; rather, they argue that the

indictment does not support this allegation factually:

> There is not a single factual allegation in paragraphs 1–21, or anywhere else in the superseding indictment for that matter, that supports the charge that the defendants did, or attempted to, hide or conceal the purported victims from detection, by placing them in a building or by any other means.

ECF No. 433, at 19. Defendants appear to suggest that the Superseding Indictment's factual

allegations must suggest clandestine activity—that defendants literally shielded the victims

from detection by outsiders—in order to fall within the ambit of § 1324. Accordingly, they

argue that the fact that the Superseding Indictment indicates "that the purported victims

were regularly in public, working in the same restaurant in Harrisonburg," renders § 1324

inapposite.

Defendants have improperly truncated the scope of § 1324. Its prohibition on

"conceal[ing], harbor[ing], or shield[ing] from detection" does not apply only to defendants

who hide aliens from the public at large. Instead, even "a defendant who <u>openly</u> employ[s]

an illegal alien under a false name and submit[s] false work authorization documents to

17

immigration authorities" falls within the ambit of the statute. United States v. George, 779 F.3d 113, 119 (2d Cir. 2015). The introduction to the Superseding Indictment, which is incorporated by reference into each count, alleges the following:

> 6. When victims balked at immigrating illegally across the Mexico–United States border, ALVARADO arranged to have visa applications submitted to the U.S. Embassy in Lima on behalf of the victims, so that the victims could obtain tourist visas to the United States. The purpose of the visa applications were [sic] always fraudulent, as ALVARADO's intent was to have the victims work for her restaurant in the United States . . .
>
> . . .
>
> 8. The day after the victims arrived at her home in Harrisonburg, ALVARADO ordered the victims to work at Inca's Secret.

ECF No. 52, at 3. Moreover, defendant F. Chujoy is also implicated: the indictment alleges that "ALVARADO and F. CHUJOY employed" "undocumented immigrants," and "did not report this illegal labor—or the work of any restaurant employees—to the appropriate authorities and agencies, as required by law." Id. at 4.

These factual allegations are more than sufficient to put defendants on notice as to what conduct the government alleges violated the law. It bears repeating that the government need not comprehensively detail its theory of the case; its factual allegations must merely give sufficient notice to the defendant to allow a double jeopardy defense in the event of a subsequent prosecution for the same conduct. See Loayza, 107 F.3d at 261. Under this standard, Counts Eight through Eleven are more than factually sufficient.

### G. Counts Thirteen and Fourteen

Counts Thirteen and Fourteen, which are identical except for the alleged victims, each charge defendants with inducing an alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). This section criminalizes anyone who "encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." Defendants argue that "[n]one of the factual allegations provide a sufficient basis for determining that either of the aliens referenced in Counts Thirteen and Fourteen came to, entered, or were in the United States in violation of law." ECF No. 433, at 21.

As to Count Thirteen, which refers to Victim B, defendants' argument is misplaced. The introduction to the Superseding Indictment alleges that "ALVARADO provided forged documents and a fake employment contract to a victim, known to the grand jury as Victim B, to give to the U.S. Embassy as part of Victim B's visa application. . . . A fake employment contract, signed by ALVARADO, stated that Victim B would work for ALVARADO as a nurse to her mother when she visited the United States. ECF No. 52, at 3. As discussed supra p. 18, the introduction implicates defendant F. Chujoy in this behavior as well. This allegation, read in concert with Count Thirteen, sufficiently informs defendants of the factual allegations undergirding Count Thirteen. As to Count Fourteen, however, defendants' arguments compel dismissal.

Count Fourteen alleges that defendants induced Victim C. It, like all other counts in the Superseding Indictment, incorporates the introduction by reference. The introduction, however, contains no mention whatsoever of Victim C. Thus, if defendants are to be

19

"enable[d] to plead an acquittal or conviction in bar of future prosecutions for the same offense," Hamling, 418 U.S. at 118, Count Fourteen itself must contain sufficient factual allegations. Count Fourteen reads in full:

> From a date not known to the grand jury, but beginning in or around 2007 and continuing until the fall of 2014, in the Western District of Virginia and elsewhere, the defendants, MARIA ROSALBA ALVARADO MCTAGUE and FELIX ADRIANO CHUJOY, did encourage and induce an alien, namely, a person known to the grand jury as Victim C, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was and would have been in violation of law, for the purpose of commercial advantage or private financial gain.

ECF No. 52, at 13–14. This is simply too bereft of facts to adequately inform defendants of the conduct for which they are charged. Should they seek to assert a double jeopardy defense in a subsequent prosecution, defendants will only be able to say that at some point or points in a seven-year period, ("around 2007 and continuing into the fall of 2014"), in the Western District of Virginia "and elsewhere," the government alleges, without further elaboration, that they violated 8 U.S.C. § 1324. Though "every factual nugget necessary for conviction" need not be alleged, United States v. Fassnacht, 332 F.3d 440, 445 (7th Cir. 2003), the indictment must at least contain a "definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1); see United States v. Cruikshank, 92 U.S. 542, 544 (1876) ("Accused persons, as matter of common justice, ought to have the charge against them set forth in such terms that they may readily understand the nature and character of the accusation, in order that they, when arraigned, may know what answer to

make to it, and that they may not be embarrassed in conducting their defence . . . .). Count

Fourteen fails this requirement, and accordingly is dismissed.

### H. Counts Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen

Counts Fifteen through Nineteen charge defendants with employing an unauthorized

alien in violation of 8 U.S.C. § 1324a. These counts allege that defendants "engaged in a

practice and pattern of recruiting and hiring for employment at Inca's Secret in the United

States certain aliens whose identities are known to the grand jury . . . knowing that said aliens

were unauthorized aliens . . . ." ECF No. 52, at 14. Defendants allege that these counts must

be dismissed because they omit relevant statutory language. In relevant part, § 1324a(a)(1)(A)

makes it unlawful "to hire, or to recruit or refer <u>for a fee</u>, for employment in the United

States an alien knowing the alien is an unauthorized alien . . . ." (emphasis added).

Defendants complain that this "for a fee" language was omitted, thus impermissibly

broadening the scope of the statute.

The court largely agrees with defendants. The language "for a fee" in the statute

modifies both "recruit" and "refer"; accordingly, the allegation that defendants "recruit[ed] .

. . for employment at Inca's Secret" does not state a crime under § 1324a. <u>Cf.</u> <u>Universal</u>

<u>Contracting, LLC v. Utah Dep't of Commerce</u>, 69 F. Supp. 3d 1225, 1237 (D. Utah 2014)

("Under [§ 1324a], 'refer for a fee' means 'sending or directing a person or transmitting

documentation or information to another, directly or indirectly, with the intent of obtaining

employment in the United States for such person, for remuneration . . . .'" (quoting 8 C.F.R.

§ 274a.1(d))).

However, § 1324a criminalizes the hiring of unauthorized aliens irrespective of whether that hiring was done for remuneration. Accordingly, the omission of "for a fee" leaves unaffected the Superseding Indictment's allegation that defendants hired unauthorized aliens for employment at Inca's Secret. Counts Fifteen through Nineteen contain all the necessary elements to allege a crime, but they also contain an allegation (recruitment) that, without the omitted language, is not violative of § 1324a.

Because Counts Fifteen through Nineteen of the Superseding Indictment are not fatally defective, the court dismisses these counts in part to the extent that they allege recruiting without the statutorily required fee element.

## I. Counts Twenty and Twenty-one

Alvarado challenges the sufficiency of Counts Twenty and Twenty-one of the Superseding Indictment, both of which charge her with visa fraud offenses in violation of 18 U.S.C. § 1546(a). Count Twenty, in its entirety, charges:

1. The allegations set forth in the Introduction to this Indictment are incorporated herein by reference.

2. From a date not known to the grand jury, but beginning in or around 2011 and continuing until the [sic] June 2012, in the Western District of Virginia and elsewhere, the defendant, MARIA ROSALBA ALVARADO MCTAGUE, aided and abetted others to knowingly obtain, receive, and use an immigrant visa prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, that is a B-1 visa, in the name of a person known to the grand jury as Victim A, which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud.

3. All in violation of Title 18, United States Code, Section 1546(a).

22

ECF No. 52, at 14–15.[2] Count Twenty-one uses identical language, except for the date range ("beginning in or around 2008 and continuing until the [sic] September 2014") and victim ("Victim C"). Id. at 15.

Section 1546(a) "criminalizes the fraudulent use of visas, permits and other documents." United States v. Hrcka, 384 F. App'x 232, 233 (4th Cir. 2010). The Superseding Indictment closely tracks the language of the first paragraph of § 1546(a), which requires the principal (i.e., the perpetrator of the crime) to have used the fraudulent document for entry into the United States "knowing it to be . . . procured by means of any false claim or statement." In Counts Twenty and Twenty-one, the alleged principals are "Victim A" and "Victim C," whom Alvarado "aided and abetted." ECF No. 52, at 14–15.

Alvarado argues that Counts Twenty and Twenty-one are defective because they do not allege that the principals, "Victim A" and "Victim C," knew that the visas were procured by false means.[3] To prove that Alvarado aided and abetted a criminal offense, the government must show "that the substantive offense had been committed by someone and that the defendant aided and abetted him." United States v. Horton, 921 F.2d 540, 544 (4th Cir. 1990). In this case, the substantive offenses require that "Victim A" and "Victim C" knew the visas were "procured by means of any false claim or statement." 18 U.S.C. § 1546(a). In other words, proving the principal's knowledge of the false claims used to

---

[2] Count Twenty's header reads: "**COUNT TWENTY** (Visa Fraud - Victim B)"; however, the substantive charge in Count Twenty only references "Victim A." Therefore, the court will analyze the sufficiency of Count Twenty's allegations as to Victim A.

[3] Alvarado also argues that Counts Twenty and Twenty-one are defective for referencing "B-1 visa[s]." The indictment describes B-1 visas as "immigration visas," which they are not. See Rullan v. Goden, 134 F. Supp. 3d 926, 945 n.11 (D. Md. 2015) ("An alien is eligible for a B–1 visa if he has a residence in a foreign country and comes to the United States temporarily for business." (quoting Ruston v. U.S. Dep't of State, 29 F. Supp. 2d 518, 519 (E.D. Ark. 1998))). However, § 1546(a) criminalizes the fraudulent use of "any immigrant or nonimmigrant visa." Therefore, any mistake in the indictment as to the type of the allegedly fraudulent visa does not render Counts Twenty and Twenty-one defective.

procure the immigration document "is necessary to establish the very illegality of the behavior," and is therefore an essential element of the offense. Hooker, 841 F.2d at 1231; see also Finn, 256 F.2d at 306 ("Where willfulness or knowledge is made an element of the crime, the statutory requirement is not to be ignored.").

The indictment fails to allege that "Victim A" and "Victim C" knew the visas were procured by fraudulent means, omitting an essential element of a § 1546(a) violation. As such, Counts 20 and 21 do not state "that a substantive offense had been committed," and therefore, fail to allege that Alvarado "aided and abetted" a § 1546(a) offense. Horton, 921 F.2d at 544. Because the Superseding Indictment lacks an essential element of the offense, the court must dismiss Counts Twenty and Twenty-one. Darby, 37 F.3d at 1063 ("[T]he indictment must include every essential element of an offense.").

The government objects to Alvarado's challenge to Counts Twenty and Twenty-one, arguing that "[t]he indictment includes all of the elements of the statute, as if the defendant were charged as a principal, with the additional language of 'aided and abetted others.' The addition of this language does not change the elements of the statute." ECF No. 443, at 19. The government is mistaken. The addition of the "aided and abetted" language, while not changing the elements of the statute, does require that the government allege these elements as to the principal—in this case, Victims A and C. Nowhere in these counts or in the introduction does the government make this required allegation. To the extent the government seeks to now assert that Alvarado is charged as a principal, it is too late: the government cannot amend the Superseding Indictment "from one that does not state an

offense into one that does." <u>Coward</u>, 669 F.2d at 184.[4] For the reasons stated, Counts Twenty and Twenty-one do not state an offense under § 1546(a), and therefore, these counts will be dismissed for failing to allege a criminal offense.

### J. Counts Twenty-two and Twenty-three

Counts Twenty-two and Twenty-three charge Alvarado and F. Chujoy, respectively, with obstruction of justice by witness tampering, in violation of 18 U.S.C. § 1503. These counts allege that the defendants

> did corruptly obstruct and impede or endeavor to influence, intimidate, or impede, the due administration of justice in <u>United States v. Maria Rosalba Alvarado McTague et al.</u>, No. 5:14-cr-00055, in the U.S. District Court for the Western District of Virginia, by attempting to influence the testimony and statements of witnesses.

ECF No. 52, at 16. Defendants argue that these counts must be dismissed because they conflate and intermingle language from two separate portions of the charging statute. This is because 18 U.S.C. § 1503(a) criminalizes efforts to "influence, intimidate, or impede" when aimed at a juror or officer of a United States Court, while also criminalizing efforts to "influence[], obstruct[], or impede[] . . . the due administration of justice." Thus, § 1503(a)

---

[4] Even if the government could amend the indictment to state that Alvarado violated § 1546(a) as a principal, the Superseding Indictment fails to establish that she committed all the essential elements of § 1546(a). The statute punishes whoever knowingly "possesses, obtains, accepts, or receives any" immigration document "for entry into … the United States." 18 U.S.C. § 1546(a). In other words, the principal must conduct an act with the purpose of entering the United States. The indictment fails to allege that Alvarado obtained fraudulent visas so that she could enter the United States. Therefore, the Superseding Indictment does not set forth the essential elements of a § 1546(a) offense as to Alvarado either as a principal or as an aider and abettor.

does not support the Superseding Indictment's charge that defendants endeavored to "intimidate . . . the due administration of justice."[5]

As with Counts Fifteen through Nineteen, however, this argument does not compel complete dismissal. Counts Twenty-two and Twenty-three, nonsensical transposition of the statutory language notwithstanding, still adequately charge that defendants "did corruptly obstruct and impede or endeavor to influence . . . or impede, the due administration of justice." ECF No. 52, at 16. Because, absent the offending language, Counts Twenty-two and Twenty-three still properly articulate the elements of § 1503 and allege sufficient facts to put defendants on notice, the court declines to dismiss these counts fully, and instead dismisses them in part to the extent that these counts allege intimidation of the due administration of justice which is not criminalized in § 1503(a). See United States v. U.S. Steel Corp., 233 F. Supp. 148, 153 (S.D.N.Y. 1964) ("No doubt the indictment could have been drawn more artfully or precisely, but that is not the test of the validity of an indictment.").

### K. Count Twenty-five

Count Twenty-five charges defendants with conspiracy to witness tamper in violation of 18 U.S.C. § 1512(k). Defendants first argue, as they did with Count One, that Count Twenty-five is defective because it charges conspiracy, but fails to identify the underlying statute defendants conspired to violate. They admit, however, that the "language in the indictment tracks 18 U.S.C. § 1512(b)(1)." ECF No. 433, at 28. The court agrees and,

---

[5] Indeed, standing alone, this allegation is nonsensical: one cannot "make timid or fearful," Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/intimidate (defining "intimidate"), an abstract concept like "the due administration of justice."

because the technical failure to cite a specific code section does not render an indictment insufficient, see supra pp. 6–7, declines to dismiss Count Twenty-five on these grounds.

Second, defendants argue that Count Twenty-five contains insufficient factual support. "[T]here are no factual allegations that the defendants ever entered into an agreement . . . ." ECF No. 433, at 28. Moreover, the facts alleged do not support the allegation of "intimidation or threats, misleading conduct, or corrupt persuasion, which are essential elements of witness tampering." Id. The court disagrees.

The facts contained in the introduction to the Superseding Indictment sufficiently apprise the defendants of the conduct for which they are charged with conspiracy to witness tamper.

> 20. For example, G. CHUJOY contacted a victim, known to the grand jury as Victim D, and asked Victim D to come to her apartment, where she and F. CHUJOY resided. Once there, G. CHUJOY paid Victim D money and handed Victim D a cellphone on which ALVARADO was on the line. On this and other occasions, ALVARADO instructed Victim D, an employee of Inca's Secret, not to speak with law enforcement and to pretend she did not know anything.

> 21. As another example, after learning that a victim, known to the grand jury as Victim E, had been served with subpoena to testify in the grand jury, F. CHUJOY and ALVARADO instructed Victim E on what tell [sic] law enforcement and the grand jury. On another date, Victim E met with F. CHUJOY, ALVARADO, and G. CHUJOY at G. CHUJOY's apartment and stayed with ALVARADO at her home, although a court order prohibited ALVARADO and F. CHUJOY from communicating with any employees of Inca's Secret.

ECF No. 52, at 6. These paragraphs, while not explicitly using the words "agreement" or "conspire," nonetheless clearly convey the government's allegations that the defendants worked in concert to effectuate witness tampering as to Victims D and E. This court's

review, hinging as it does on practical, rather than technical considerations and notice to the defendants, Matzkin, 14 F.3d at 1019, requires no more.

This same excerpted portion of the introduction also amply provides a factual basis, at a minimum, for the charge of corrupt persuasion. See United States v. Baldridge, 559 F.3d 1126, 1142 (10th Cir. 2009) (defining corrupt persuasion as "a non-coercive attempt to persuade a witness to lie to investigators . . . ." (citing United States v. Davis, 380 F.3d 183, 196 (4th Cir. 2004)). Accordingly, the court need not dismiss Count Twenty-five.

### L. Counts Twenty-six, Twenty-seven, and Twenty-eight

Counts Twenty-six through Twenty-eight charge defendants with witness tampering as to Victims D, E, and F, respectively, in violation of 18 U.S.C. § 1512(b)(1). Defendants argue that these counts are insufficiently supported by factual allegations, and must therefore be dismissed.

The introduction to the Superseding Indictment contains sufficient factual allegations to dispose of defendants' arguments as to Counts Twenty-six and Twenty-seven. The excerpt quoted supra p. 27 alleges that defendants Alvarado and F. Chujoy worked together to allow Alvarado to contact Victim D and urge that victim to feign ignorance and decline to speak to law enforcement. Furthermore, it is alleged that the defendants spoke to Victim E and "instructed Victim E on what tell [sic] law enforcement and the grand jury." Given the notice-based standards for the factual allegations an indictment must contain, see Hamling, 418 U.S. at 118, these counts need not be dismissed.

In fact, though the introduction does not refer to Victim F whatsoever, the court finds that the allegations contained in Count Twenty-eight itself are sufficient to satisfy the

factual requirements for indictments. Count Twenty-eight charges that the defendants "beginning in or around December 12, 2014 until February 2015, in the Western District of Virginia and elsewhere," the defendants

> did knowingly intimidate, threaten, corruptly persuade, or engage in misleading conduct to . . . Victim F . . . through various means, such as communicating repeatedly with Victim F, with the intent to influence, delay, or prevent the testimony of Victim F in an official proceeding, United States v. Maria Rosalba Alvarado McTague et al., No. 5:14-cr-00055, in the U.S. District Court for the Western District of Virginia.

ECF No. 52, at 19. These allegations, even standing alone, sufficiently apprise defendants of the conduct for which they are charged. Unlike Count Fourteen, which alleged that defendants' criminal acts took place at some point, or throughout, a seven year period, Count Twenty-eight provides a reasonable temporal period in which defendants' culpable conduct occurred: approximately 1.5 months. Moreover, defendants are on notice that they are charged with tampering with a specific victim (Victim F) in a specific way (through repeated communications[6]), in relation to a specific judicial proceeding (United States v. Maria Rosalba Alvarado McTague et al., No. 5:14-cr-00055). As the government points out, an "indictment is not deficient because it lacks details of all evidentiary facts." ECF No. 443, at 22 (citing United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007)). Count Twenty-eight is sufficiently detailed as to reasonably apprise the defendants of the conduct for which they are charged. Accordingly, the court will not dismiss Count Twenty-eight.

---

[6] Defendants complain that "repeated communications," though violative of their bond conditions, are not in themselves illegal, and thus may not bolster the government's factual allegations. This argument misses the mark; the means identified in an indictment need not be illegal in and of themselves. Instead, the means identified help provide a defendant notice of the charges against him, and demonstrate the government's theory of how the defendant accomplished the criminal act in question.

## III.

For the reasons articulated in the foregoing Memorandum Opinion, the court will

**GRANT in part** and **DENY in part** defendants' motion to dismiss. Counts Seven,

Fourteen, Twenty, and Twenty-one are hereby **DISMISSED in full without prejudice**.

Moreover, Counts Six, Fifteen through Nineteen, Twenty-two, and Twenty-three are

**DISMISSED in part without prejudice**, as described supra p. 1.

An appropriate Order will be entered.

Entered:  04-10-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge